**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:** | § § § | **CASE NO: 23-10898** |
| **MARTIN ENERGY LLC,** | § § | **CHAPTER 7** |
| DEBTOR. | § § § | **SECTION A** |

| | | |
|---|---|---|
| **WILBUR J. "BILL" BABIN, JR.,** | § § § | |
| PLAINTIFF, | § § | |
| V. | § § | **ADV. NO. 24-1028** |
| **CRESCENT DRILLING & PRODUCTION, INC., CRESCENT DRILLING FOREMAN, INC., LLOYD'S AMERICA, INC., ALLIANT INSURANCE SERVICES, INC., LLOYD'S SYNDICATE 1036, AND MARKEL INTERNATIONAL INSURANCE CO LIMITED,** | § § § § § § § § § § § | |
| DEFENDANTS. | § | |

## CONFIDENTIALITY ORDER

Before the Court is the Ex Parte *Consent Motion for Protective Order* (the "Motion"), [ECF Doc. 134], filed by the Wilbur J. "Bill" Babin, Chapter 7 Trustee of Martin Energy, LLC (the "Trustee").

**WHEREAS**, on February 2, 2026, the Trustee issued a Subpoena Duces Tecum (the "SDT") in this matter to Halliburton Energy Services, Inc. ("Halliburton");

**WHEREAS,** the information requested in the SDT includes documents and/or information that Halliburton regards as proprietary or otherwise confidential;

**WHEREAS**, Halliburton desires to protect the confidentiality of any such proprietary or otherwise confidential documents or testimony furnished in the course of this action;

**WHEREAS**, the Trustee has agreed to keep the documents, testimony, and other information furnished by Halliburton confidential on the terms set forth herein;

**IT IS ORDERED** that the Motion is **GRANTED**, and that the "Confidential Information" to be produced by Halliburton to the Trustee or any other party in this litigation be subject to the following:

1. Confidential Information, as defined herein, shall be subject to this Stipulated and Agreed Protective Order (the "Protective Order");

2. For the purposes of this Protective Order, Confidential Information means only as to those documents or discovery responses that are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, financial, tax, accounting, or other sensitive information.

3. Documents containing Confidential Information will be marked as "Confidential" and produced only to the Trustee and other parties to this litigation who agree to be bound by the terms of this Protective Order.

4. The Trustee agrees that the Confidential Information shall, except as herein otherwise provided, remain at all times in the possession of counsel of record for Trustee, or other defendants who agree to be bound by the terms of this Protective Order and have signed a declaration in the form of that attached hereto as **Exhibit A**.

5. This Protective Order shall be applicable both during the pendency of this adversary proceeding and after final resolution of this adversary proceeding.

6. The recipients of Confidential Information shall not make more copies of such material than are reasonably necessary for the handling of this adversary proceeding. All copies of the Confidential Information shall be kept and stored in a manner reasonably calculated to preserve their confidentiality.

7. The Confidential Information may be disclosed to or viewed by: Halliburton and its staff, counsel, and counsel's staff; the Trustee and his staff, counsel, and counsel's staff; and any other Party to this litigation that has agreed in writing to be bound by this Protective Order, along with the Party's staff, counsel, and counsel's staff; any of the foregoing's experts, consultants, or staff, so long as they have agreed in writing to be bound by this Protective Order; Judge Meredith Grabill and her staff; the Clerk of the Bankruptcy Court and staff; any District Court Judge and staff in the event of an appeal; deponents and court reporters taking depositions herein, to the extent that the deponent is questioned about the Confidential Information; and witnesses at trial, to the extent that they are questioned about the Confidential Information. The Confidential Information may not be disclosed to or viewed by any other person except as may be ordered by the Court.

8. In the event a party desires to allow viewing of any Confidential Information by any person not authorized to see it hereunder, that party shall first obtain the written consent of counsel for the party that produced such Confidential Information. In the event such consent is not given, the Confidential Information shall not be disclosed absent a court order authorizing such disclosure.

9. This Protective Order shall not operate as a bar to a party offering any part of the Confidential Information into evidence or into the record, if admissible, at any hearing or trial in this matter, or from making inquiries about the information in a deposition taken in this matter and

attaching said Confidential Information as an exhibit to the deposition. If the Confidential Information is included in, or the contents are in any way disclosed in, any pleadings, motions, depositions, transcripts, or other paper filed with the Court in this bankruptcy case, such Confidential Information shall be filed under seal.

10. Any portion of a deposition containing or referring to the Confidential Information shall also be subject to this Protective Order. Only those pages of such deposition shall be marked "Confidential," and those portions containing the Confidential Information shall be maintained separately and disclosed and used only pursuant to the terms of this Order.

11. Before any of the Confidential Information is disclosed to the Trustee's, Defendants', or other Parties' consultants, experts, staff, or any deponents, he or she shall agree in writing to be bound by this Protective Order.

12. The Confidential Information shall be used solely for the purposes of the above-captioned main bankruptcy case (the "Bankruptcy Case") and related adversary proceedings (the "Adversary Proceedings"), including the above-captioned adversary proceeding, and for no other purpose whatsoever. Such Confidential Information shall not be communicated or disclosed to any person not authorized by this Protective Order to view it.

13. The parties reserve the right to dispute the confidential status claimed by any party or a subpoenaed party in accordance with this Protective Order. If any party believes that any documents or materials have been inappropriately designated by Halliburton, the party shall confer with Halliburton's counsel. As part of that conferral, the parties must assess whether redaction is a viable alternative to complete non-disclosure. If the parties hereto are unable to resolve the matter informally, either party may file an appropriate motion before the Bankruptcy Court requesting that the Bankruptcy Court determine whether the Protective Order covers the document

in dispute.  If Halliburton designates it as "Confidential," then the parties must nevertheless abide by that designation until the matter is resolved by order of the Bankruptcy Court.

14.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of Halliburton's right to later designate the document, testimony, or other material as "Confidential."  Promptly after receiving notice of a claim of confidentiality, opposing counsel shall inform Halliburton of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.  For avoidance of doubt, documents produced by one or more Parties prior to entry of this Order may retroactively designate documents as "Confidential."

15.     Upon the request of Halliburton, within 30 days after the earlier of (i) the entry of a final judgment no longer subject to appeal on the merits of any Adversary Proceeding between the parties or within the Bankruptcy Case, (ii) the execution of any agreement between the parties to resolve amicably and settle any Adversary Proceeding between the parties in the Bankruptcy Case, or (iii) the closure of the Bankruptcy Case, the parties authorized by this Protective Order to receive confidential information shall return to Halliburton, or destroy, all information and documents subject to this Protective Order.  Returned materials shall be delivered in sealed envelopes marked "Confidential" to counsel for the party.  Notwithstanding the foregoing, bankruptcy counsel for the parties may retain archival copies of confidential documents.

16.     This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

17.     Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to Order by the Court.

18.     The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

**IT IS FURTHER ORDERED** that counsel for the Plaintiff shall serve this Order via first-class U.S. Mail on the required parties who will not receive a copy through the Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure and this Court's Local Rules and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, March 30, 2026.

_____

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

DECLARATION OF _____

1. My name is _____.

2. My present employer is _____, and the address of my present employment is _____.

3. My present occupation and job description is _____.

4. I have received a copy of the Confidentiality Protective Order (the "Order") dated _____, pertaining to Halliburton Energy Company's production of documents in the captioned case.

5. I have carefully read and understand the provisions of the Order and agree to comply with all of the provisions of the Order.

6. I will hold in confidence, not disclose to anyone not qualified under the Order, and will use only for purposes of the captioned lawsuit materials designated as Confidential which are disclosed to me.

7. I will comply with the Order regarding the return and/or destruction of all Confidential materials upon the final termination of this lawsuit.

8. I declare under penalty of perjury that the statements set forth above are true and correct.

Executed this _____ day of _____, _____.


_____
Signature