## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 23-10898 |
| | § | |
| MARTIN ENERGY LLC, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | SECTION A |
| | § | |

---

| | | |
|---|---|---|
| WILBUR J. "BILL" BABIN, JR., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | ADV. NO. 24-1028 |
| | § | |
| CRESCENT DRILLING & PRODUCTION, INC., CRESCENT DRILLING FOREMAN, INC., LLOYD'S AMERICA, INC., ALLIANT INSURANCE SERVICES, INC., AND MARKEL INTERNATIONAL INSURANCE CO LIMITED | § | |
| | § | |
| DEFENDANTS. | § | |

### SECOND AMENDED SCHEDULING ORDER[1]

This Court held a status conference on Tuesday, May 12, 2026.

APPEARANCES:   Albert J. Derbes, IV and Patrick S. Garrity, counsel for the Plaintiff; Katherine Clark, counsel for Crescent Drilling & Production, Inc., and Crescent Drilling Foreman, Inc. (together, "Crescent"); and, Jennifer Kretschmann, counsel for Markel International Insurance Company Limited ("Markel").

For the reasons stated on the record and considering the parties' agreement on scheduling and the need to preserve jurisdictional positions,

---

[1]      Pursuant to this Court's *Order* dated May 4, 2026, [ECF Doc. 167], this Second Amended Scheduling Order amends and supersedes this Court's *Amended Scheduling Order* dated December 15, 2025, [ECF Doc. 112], to continue the pre-trial deadlines.

**IT IS ORDERED:**

1. Pleadings have been joined by the Plaintiff and Crescent only. Markel does not consent to the jurisdiction of this Court or to this Court's entry of a final Order or judgment on all matters in this adversary proceeding.[2] *Defendant Markel International Insurance Co. Ltd.'s Motion To Dismiss*, [ECF Doc. 91], remains pending pursuant to this Court's *Order* dated May 12, 2026, [ECF Doc. 180]. Nonetheless, Markel has no technical objection to reserving a trial date and setting agreed deadlines as requested by the Plaintiff and Crescent.

2. Counsel adding new parties subsequent to the mailing of this Amended Scheduling Order shall serve on each new party a copy of this Amended Scheduling Order. Pleadings responsive thereto, when required, shall be filed within the applicable delays therefor.

3. By agreeing to these deadlines in this Amended Scheduling Order, no party waives or forfeits any jurisdictional objections, including but not limited to objections to subject matter jurisdiction, non-consent to jurisdiction of this Court, personal jurisdiction, or venue. All such objections are expressly reserved.

4. No further initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure will be conducted in this case.

---

[2] Pleadings have been joined by the Plaintiff and Crescent only. Until threshold jurisdictional questions are resolved, including, but not limited to subject matter jurisdiction and/or non-core proceedings designation, Markel contends that participation by Markel in any merits-based discovery is improper.

Markel reserves all rights and objections. Markel does not consent to the jurisdiction of this Court or to entry of a final Order for any purpose. Markel maintains that nothing in Markel's statement of no opposition or objection is intended to, nor shall be deemed or construed to, be a waiver of any rights, claims, defenses, arguments, or other interests Markel has or may have related to or arising out of any appeal of this matter, all of which are expressly reserved and preserved.

Accordingly, Markel shall have the right to seek relief from any deadline set forth in this Second Amended Scheduling Order upon motion and for good cause shown. Nothing in this Second Amended Scheduling Order shall be construed to waive or limit Markel's right to request modification, extension, or other appropriate relief from the Court with respect to any such deadline.

5.     Any general, non-expert discovery pertaining to the disputes in this contested matter must be completed on or before **Friday, May 29, 2026**.

6.     Written reports of experts, as defined in Rule 26(a)(2)(B), for experts who may be witnesses for Plaintiff shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **Friday, June 26, 2026**.

7.     Written reports of experts, as defined in Rule 26(a)(2)(B), for experts who may be witnesses for Defendant shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **Friday, July 17, 2026**.

8.     Expert discovery shall be completed no later than **Monday, August 3, 2026**.

9.     All dispositive motions shall be filed and served not later than **Monday, August 10, 2026**.  Oppositions to dispositive motions must be filed and served no later than **Monday, August 24, 2026**.  Reply briefs are permitted and must be filed and served no later than **Monday, August 31, 2026**.  The Court will resolve dispositive motions on the papers without hearing.

10.    The parties shall exchange exhibits and file witness and exhibit lists into the record on or before **Tuesday, September 8, 2026**.

11.    Any motions in limine must be filed and properly served on or before **Thursday, September 17, 2026,** and set for hearing on the first day of trial.  Oppositions to motions in limine must be filed and properly served on or before **Monday, September 28, 2026.**

12.    The parties in interest must review this Court's Amended General Order 2021-2 describing this *Court's Hybrid Model Plan for Conduct of Hearings*, available at https://www.laeb.uscourts.gov/ for specific instructions on remote witness testimony in evidentiary hearings and trials.

13.     A final telephonic Pretrial Conference will be held on **Tuesday, October 6, 2026, at 9:30 a.m.**  The Parties shall participate using the Court's **Dial-in Number 504.517.1385; Access Code 129611.**  Counsel shall be prepared in accordance with this Court's Pretrial Notice attached hereto as **Exhibit A** and shall submit a proposed Pretrial Order in accordance with Part I of the Pretrial Notice.

14.     Impeachment exhibits must be submitted to the Court via separate e-mail to SectionAorders@laeb.uscourts.gov in .pdf format not later than **Friday, October 9, 2026, at 5:00 p.m.**

15.     Trial will commence in-person on **Tuesday, October 13, 2026, at 9:30 a.m. IN PERSON** at the U.S. Bankruptcy Court, Eastern District of Louisiana, 500 Poydras Street, Courtroom B-709, New Orleans, Louisiana.   Trial is estimated to last **8 days** and will be held on the following dates:

     a.  October 13, 2026, (Tuesday);[3]

     b.  October 14, 2026, (Wednesday);

     c.  October 15, 2026, (Thursday);

     d.  October 16, 2026, (Friday);

     e.  October 19, 2026, (Monday);

     f.  October 20, 2026, (Tuesday);

     g.  October 22, 2026, (Thursday); and

     h.  October 23, 2026, (Friday).

Please see Amended General Order 2021-2 which contain instructions for conduct of hearings and is available at https://www.laeb.uscourts.gov/.

---

[3]     The Court will recess the trial to handle another docket between 2:00 p.m. and 2:45 p.m.

16.     The Court will record the Hearing but will not issue a contemporaneous transcript. If a party wishes to obtain an expedited transcript of the Hearing, they may hire a private transcriptionist who the Court can permit to access the proceeding to transcribe it.  It is the requesting party's responsibility to cover the cost of a transcriptionist.  The transcriptionist must transcribe the entire Hearing.  The party must provide the Court with the transcriptionist's name and e-mail address by e-mailing sectionAorders@laeb.uscourts.gov by **Tuesday, October 6, 2026**.  Unless there is good cause to decide otherwise, the Court will accept the transcriptionist's certified transcript of the entire Hearing as the official transcript.  Once the requesting party receives the transcript, the transcriptionist must provide the transcript(s) directly to the Clerk's Office for docketing at Jennifer_Nunnery@laeb.uscourts.gov.  If no party arranges for a contemporaneous transcription, a person may instead request that a transcript be prepared afterwards from the recording of the Hearing by e-mailing Jennifer Nunnery in the Clerk's Office at Jennifer_Nunnery@laeb.uscourts.gov.  The requesting party will be responsible for covering the costs of the transcript before it will be made available by the Court.

**IT IS FURTHER ORDERED** that counsel for the Plaintiff shall serve this Order via first-class U.S. Mail on the required parties who will not receive a copy through the Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure and this Court's Local Rules and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, May 29, 2026.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

## <u>PRETRIAL NOTICE</u>

**IT IS ORDERED** that, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, a Pretrial Conference will be held in chambers before Judge Meredith S. Grabill, Section "A", in the case named in the attached Scheduling Order.

The purpose of the Pretrial Conference is to secure a just and speedy determination of the issues. If the type of pretrial order set forth below does not appear calculated to achieve those ends in this case, please arrange a conference with the Court and opposing counsel immediately so that alternative possibilities may be discussed.

The procedure necessary for the preparation of the formal joint pretrial order that will be reviewed and entered at the Pretrial Conference is as follows:

I.

The proposed joint pretrial order must be electronically filed into the record by noon on a day that allows for one full business day prior to the Pretrial Conference (*i.e.*, if the Pre-Trial Conference is set for 10:00 a.m. on Friday, the joint pretrial order must be filed by noon on Wednesday). The proposed pretrial order shall bear electronic signatures of all counsel when it is filed with the Court. Following the Pretrial Conference, the Court will file the signed pretrial order into the record, after any necessary modifications are made to it.

II.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Counsel for all parties shall confer at their earliest convenience for the purpose of arriving at all possible stipulations and to exchange of copies of documents that will be offered into evidence at trial. It shall be the duty of counsel for the Plaintiff(s) to initiate that conference and the duty of other counsel to respond timely. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, that party shall notify the Court. The conference shall be held at least ten (10) days prior to the date of the Pretrial Conference so that counsel for all parties can furnish each other with a statement of the real issues each party will offer evidence to support, eliminating any issues in the pleadings about which no real controversy exists. The statements shall include each party's view of the issues of law remaining in the case, as well as ultimate issues of fact. Counsel for Plaintiff(s) shall then prepare a proposed pretrial order and submit it to all other counsel. Once any necessary changes are made, counsel for Plaintiff(s) shall electronically file the proposed pretrial order with the Court.

III.

At their meeting, counsel must consider the following: (a) jurisdiction; (b) parties (*i.e.*, correctness of identity of legal entities); and (c) questions of joinder.

IV.

At the Pretrial Conference, counsel must be fully authorized and prepared to discuss with the Court any progress made regarding settlement. Counsel are urged to discuss the possibility of settlement with each other thoroughly before preparing the proposed pre-trial order.

V.

The Pretrial Conference will take place in chambers and must be attended by the attorneys who will try the case, unless the Court grants permission for other counsel to attend. Attorneys will familiarize themselves with federal pretrial rules and will come to the conference with full authority to accomplish the purpose of Rule 16.

VI.

Pretrial Conferences will not be continued except for good cause shown in a written motion presented sufficiently in advance of the conference.

VII.

Counsel's failure to appear at the Pretrial Conference may result in sanctions, including but not limited to, *sua sponte* dismissal of the suit, assessment of costs and attorney's fees, default, or other appropriate sanctions.

VIII.

All pending motions and all special issues or defenses raised in the pleadings must be called to the Court's attention in the proposed pretrial order.

IX.

The proposed pretrial order shall set forth and include:

1. The date of the Pretrial Conference.

2. Appearance of counsel at the Pretrial Conference with the parties each represents.

3. A description of the parties; the legal relationships among all parties with references to claims, counterclaims, third-party claims, and cross claims; and, in cases of insurance carriers, their insureds must be identified.

4. With respect to jurisdiction, a brief summary of the factual bases supporting each claim asserted and the legal and jurisdictional bases for such claim, or, if contested, the jurisdictional questions.

5. A list and description of any motions pending or contemplated, and any special issues appropriate for determination in advance of trial on the merits. If the Court at any prior

hearing has indicated that it would decide certain matters at the time of the Pretrial Conference, a brief summary of those matters and the position of each party with respect thereto should be included in the pretrial order.

6. A brief summary of the material facts claimed by plaintiff, defendant, and other parties;

7. A single listing of all uncontested material facts.

8. A single listing of the contested issues of fact.[4]

9. A single listing of the contested issues of law, following the same format as those listed for contested issues of fact.

10. For each party, a list and description of exhibits intended to be introduced at trial. The Exhibit List shall identify those exhibits to which the parties stipulate as to authenticity and relevancy,[5] as well as identify those to which the parties do not stipulate as such. As to any exhibits to which the parties cannot agree on authenticity and relevancy, the parties shall submit memoranda, attaching the contested exhibits, no later than five (5) business days before trial. The proponent of the exhibit shall explain why the exhibit is admissible and the opponent shall explain why the exhibit is inadmissible. Unless otherwise ordered by the Court, only exhibits included on the exhibit list shall be included for use at trial. The list of exhibits shall include:

    a. A statement that the exhibit lists were filed in accordance with prior court orders. If a party considers that he or she has good cause not to disclose exhibits to be used <u>solely</u> for impeachment purposes, it may file an *ex parte* request for a conference with the Court and make its position known to the Court *in camera*. Counsel shall advise the Court whether the exhibits arguably are

---

[4] This does not mean that counsel must concur in a statement of the issues; it simply means that they must list in a single list all issues of fact. Where applicable, particularities concerning fact issues must be set forth. As examples: (a) whenever the alleged breach of a contract is at issue, the act or omissions relied upon as constituting the alleged breach shall be specified with particularity; (b) whenever the meaning of a contract or other writing is at issues, all facts and circumstances surrounding execution and events subsequent to execution, both those admitted and those in issue, which either party contends serve to aid interpretation, shall be specified with particularity; (c) whenever fraud, duress, or mistake is at issue and set forth in the pleadings, the facts and circumstances relied upon as constituting the claimed fraud, duress, or mistake (pursuant to Rule 9(b) to the extent it applies) shall also be set forth in the pre-trial order; and (d) if special damages are sought, they shall be itemized with particularity.

[5] Regardless of the parties' stipulations as to authenticity and relevancy, the Court will only consider exhibits actually admitted at trial. If a trial involves extensive documentary evidence, the Court may require parties to submit post-trial briefing, listing each exhibit admitted at trial and the issue of fact which the document was used to prove.

subject to a discovery request from another party. Counsel are urged to provide impeachment exhibits and accompanying memoranda to the Court as soon as practicable in order to avoid exclusion of exhibits that the Court finds to be not solely from impeachment and which late admission would prejudice the opposing party.

b. Where appropriate to preserve trade secrets or privileges, some exhibits may be subject to a protective order. If there are such exhibits, the pretrial order shall identify those exhibits and state: "The parties will discuss exhibits alleged to be privileged (or contain trade secrets, etc.) at the Pretrial Conference."

11. A list of all deposition testimony to be offered into evidence in lieu of live testimony. The parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel. The parties shall, in good faith, attempt to resolve all objections to deposition testimony. As to those objections which cannot be resolved amicably, the parties shall submit memoranda on the unresolved objections no later than five (5) business days before trial. The parties shall provide specific reasons, beyond mere citation to the rule of evidence, in support of their positions.

12. A list and brief description of any demonstrative items, such as charts, graphs, models, schematic designs, and similar objects which, although not to be offered into evidence, respective counsel intend to use in opening or closing statements. In the pretrial order, the parties shall either stipulate that they have no objection to the use of any of the demonstrative exhibits or provide a statement of the objections to their use.

13. For each party, a list of fact and expert witnesses who will be and may be called to testify at trial, including each witness's name, address, and a statement of the general subject matter of their testimony (*i.e.*, please list more of a description than merely "fact," "medical," or "expert"). The list of fact and expert witnesses shall include a statement that the fact and expert witness lists were filed in accordance with prior court orders. Expert witnesses who are required to submit disclosure reports under Rule 26(a)(2)(B), but whose reports have not been timely furnished to opposing counsel, shall not be permitted to testify, nor shall those experts be permitted to testify to opinions not included in timely furnished reports.

14. Unless otherwise ordered by the Court for good cause, only exhibits included on the exhibit list and/or for which memoranda have been submitted will be included for use at trial. A witness who is excluded from the witness list shall be allowed to testify only

by agreement of all parties and if that addition does not affect the trial date. Those restrictions do not apply to rebuttal witnesses or to documents which necessity cannot be reasonably anticipated.

15. In cases where damages are sought, include a statement for completion by the Court: "The issue of liability (will / will not) be tried separately from that of quantum." If applicable, counsel should be prepared to discuss at the Pretrial Conference the feasibility of separating such issues. Counsel should likewise consider the feasibility and desirability of separate trials as to other issues.

16. The statement: "Trial shall commence on __[month/day]__, 20___, at _[time]_ a.m./p.m. and is anticipated to last _____ days." In addition, the proposed pretrial order must contain a sentence including the trial date and time previously assigned in the Scheduling Order.

17. The statement: "This pretrial order has been formulated after the Pretrial Conference at which counsel for the respective parties have appeared in person. Counsel have been afforded reasonable opportunity to make corrections and/or additions prior to signing. Hereafter, this Pretrial Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by the Court to prevent manifest injustice."

18. The statement: "Possibility of settlement of this case was considered by the parties."

19. The proposed pretrial order must contain appropriate signature spaces for counsel for all parties and the Judge.

20. Each numbered paragraph of the proposed pretrial order shall be preceded by a heading descriptive of its content.

Counsel are instructed to contact Scott Anderson, Systems Administrator for the Court, at 504.589.7870 at least one week before trial to discuss logistics for electronically presenting documentary evidence in the courtroom.